# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-303 consolidated with 18-302

### WILVON ALLISON, ET AL.

### VERSUS

### CITGO PETROLEUM CORPORATION, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-3286 C/W 2007-2786
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Candyce G. Perret, Judges.

**GREMILLION, J., concurs and assigns written reasons.**

**PERRET, J., concurs with reasons.**

                                                                      **AFFIRMED.**

**Robert E. Landry**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry**
**901 Lakeshore Drive – Suite 900**
**Lake Charles, LA 70601**
**Telephone:  (337) 433-9436**
**COUNSEL FOR:**
        **Defendant/Appellant – CITGO Petroleum Corporation**

**Kirk Albert Patrick, III**
**R. Heath Savant**
**Donahue, Patrick & Scott**
**450 Laurel Street – Suite 1600**
**Baton Rouge, LA 70801**
**Telephone:  (225) 214-1908**
**COUNSEL FOR:**
 **Defendant/Appellee – R & R Construction, Inc.**

**Wells Talbot Watson**
**Bagget, McCall , Burgess**
**P. O. Drawer 7820**
**Lake Charles, LA 70606-7820**
**Telephone:  (337) 478-8888**
**COUNSEL FOR:**
 **Plaintiffs/Appellees – Robert D. Marshall, Tamara N. Marceaux, Daron**
 **Christopher Hidalgo, John Thomas Cochran, Gewan Papillion, Alfred**
 **Joseph Carrier, Eric Mark Allison, and Marcus Dwayne Clark**

**Marshall Joseph Simien, Jr.**
**Simien Law Firm**
**2129 Fitzenreiter Road**
**Lake Charles, LA 70601**
**Telephone:  (337) 497-0022**
**COUNSEL FOR:**
 **Defendant/Appellant – CITGO Petroleum Corporation**

**Richard Elliott Wilson**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**Telephone:  (337) 436-6611**
**COUNSEL FOR:**
 **Plaintiffs/Appellees – Gewan Papillion, Eric Mark Allison, Marcus**
 **Dwayne Clark, John Thomas Cochran, Daron Christopher Hidalgo,**
 **Tamara N. Marceaux, Alfred Joseph Carrier, and Robert D. Marshall**

**Craig Isenberg**
**Joshua O. Cox**
**Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.**
**909 Poydras, Street – 24th Floor**
**New Orleans, LA 70112**
**Telephone:  (504) 589-9700**
**COUNSEL FOR:**
 **Defendant/Appellant – CITGO Petroleum Corporation**

**THIBODEAUX, Chief Judge.**

For the reasons discussed in the consolidated appeal of *Eric Mark Allison v. Citgo Petroleum Corporation, et al*., 18-302 (La.App. 3 Cir. __/__/18), ___ So.3d ___ (Trial Docket No. 2007-2786), the judgment of the trial court in this appeal, *Wilvon Allison v. Citgo Petroleum Corporation, et al*., 18-303 (La.App. 3 Cir. __/__/18), ___ So.3d ___ (Trial Docket No. 2007-3286), is affirmed.  Costs of this appeal are assessed to the defendant, CITGO Petroleum Corporation.

**AFFIRMED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**18-303 consolidated with 18-302**

**WILVON ALLISON, ET AL.**

**VERSUS**

**CITGO PETROLEUM CORPORATION, ET AL.**

**GREMILLION, Judge, concurs and assigns the following reasons:**

I concur in the result reached in this matter because of CITGO's stipulation to fault and liability. I disagree with the majority's reasoning regarding CITGO's motion for summary judgment. The affidavits and attached contracts should not have been excluded from evidence on the motion for summary judgment. It was not CITGO's burden to prove that the omitted portions of the contracts did not address the statutory employment issue; rather, it became the plaintiffs' burden to prove that they did.

**18-303 consolidated with 18-302**

**ERIC MARK ALLISON, ET AL.**
**VERSUS**
**CITGO PETROLEUM CORPORATION, ET AL.**

**PERRET, CANDYCE, J.  CONCURS WITH REASONS:**

I respectfully concur.  Although I agree with the majority opinion that "review of an interlocutory judgment may be obtained by assigning the issue as error in the unrestricted appeal of the final, appealable judgment to which it relates," I find that this court should review the denial of Citgo's motion for summary judgment on the issue of statutory employer immunity on the *entire record* since the case has been fully tried.  As stated by the Louisiana Supreme Court in *Hopkins v. American Cyanamid Company,* 95-1088 (La.1/16/96), 666 So.2d 615, 624:

> [O]nce a case is fully tried, the affidavits and other limited evidence presented with a motion for summary judgment--later denied by the district court--are of little or no value.  Appellate courts should not rule on appeal after a full merits trial on the strength alone of affidavits in support of a motion for summary judgment that was not sustained in the district court.  In such cases, appellate courts should review the entire record.

Because Citgo failed to raise the issue of statutory employer immunity at trial and because it did not attempt to supply the missing parts of the partial contracts throughout the litigation, I find, based upon my review of the entire record before us, no merit in Citgo's assignment of error that the trial court erred in denying its motion for summary judgment.